Large's Estate.

Argued October 4, 1935.

Before KELLER, P. J.,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Mary Large Fox,* P. P., for appellant.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellee.

PER CURIAM, December 11, 1935:

The appellant argued her own case in this Court, and for the most part did it very well; but she confused the estate of her mother, Sarah Meade Large, with that of her father, John B. Large. This appeal is concerned only with the former.

Sarah Meade Large died January 14, 1913, leaving a last will and testament of which she appointed her sons, George G. Meade Large and Robert H. Large, the executors. Her husband, John B. Large, had died before her, on November 1, 1892. By her will Mrs. Large disposed not only of her own estate, but also, by virtue of a power of appointment in her husband's will, of a trust estate created by him for her life, the principal of which, after her death, was to go to and be divided among his children living at the time of his death, etc., "subject to such trust use or limitations as my said wife by her last will duly executed may appoint, limit and declare concerning the share of any child or the issue of any deceased child." As respects the principal of this trust estate created under her husband's will, she directed that the shares of each and every one of their seven children—all of whom were living at her death—should be held by the trustees named in her husband's will or their successors in the trust, and the income only paid the children until such time as in the opinion of said trustees and of the trustees named in her own will of, inter alia, a fund of $7500, created out of her own estate, ("a majority of the trustees of the two estates to decide") it was expedient and desirable that the principal be distributed, "the time of distribution ...... being left to the best judgment and unhampered discretion of the Trustees acting as aforesaid."

Pursuant to this power in the will of Sarah Meade

Large, the trustees made a formal declaration or deed poll that they deemed it expedient and desirable that the trust estate created under the will of John B. Large should end as of April 14, 1916, and an account was accordingly filed and confirmed and distribution ordered by the orphans' court, as authorized by the appointor. This was done and the trust estate created under the will of John B. Large, of which his wife, Sarah Meade Large, was given power of appointment was ended. We have no further concern with it in this case.

Mrs. Large, out of her own residuary estate, created a trust fund of $7500—if so much remained after payment of debts and expenses and certain prior bequests, and if not, such lesser sum as might remain—which her two sons, George G. Meade Large and Robert H. Large, were to hold as trustees and pay the net income arising therefrom in monthly instalments to her maid, Mary Birney, for the term of her natural life; and on the death of the said Mary Birney, the principal of said trust fund should become a part of her general estate, and the income arising therefrom and the principal thereof disposed of as provided for the rest, residue and remainder of her estate.

She gave and devised the rest, residue and remainder of her estate to her sons, George G. Meade Large and Robert H. Large, in trust to pay the net income therefrom in equal shares to her children living at the time of her death and the issue of any deceased child, per stirpes, for and during the term of their respective lives; and on the death of any one of her said children, her trustees were directed to pay an equal pro rata part or share of the principal to such person or persons as said child by his or her last will and testament should appoint; and in the event of the death of any child without having made such an appointment, to the child or children of such deceased child in equal shares; and if said child should die without issue him or her

surviving and without appointment, his or her share or interest in said estate, both principal and income, should cease and determine, and thereafter pass to the survivors of her said children and the issue of any deceased child, per stirpes.

On August 17, 1923, the present accountant, The Pennsylvania Company for Insurances on Lives and Granting Annuities, was appointed Trustee of this trust fund of $7500 created under the will of Sarah Meade Large, in the place of the Trustees named in the will, George G. Meade Large and Robert H. Large, both of whom were then dead.

Mary Birney, the first life tenant, died on May 29, 1933, and on March 22, 1934, the account under consideration in the court below was filed by the accountant. Exceptions to this account were filed by this appellant. The matter was heard before Judge NILES of the 19th Judicial District, specially presiding, who filed an adjudication dismissing the exceptions, distributing the net income in the hands of the accountant to those entitled thereto and awarding five-sevenths of the principal to the accountant, as trustee for the five living children of the testatrix, including this appellant, one-seventh to Trustees under the will of George Gordon Meade Large, deceased, and one-seventh to Trustees under the will of Robert H. Large, deceased.

Exceptions filed by appellant to this adjudication were dismissed by the orphans' court in an opinion by Judge STEARNE, and the appellant then appealed to this court.

The exceptions may be considered under three heads:

(1) Appellant claims that the trust terminated on the death of Mary Birney, pursuant to the deed poll or declaration in the estate of John B. Large and the decree of the court thereon, hereinbefore referred to; and that the principal is now distributable. As before stated, she has confused the estates. The deed poll,

or declaration, and the decree of the orphans' court thereon related to a trust estate, created under the will of John B. Large, of which Sarah Meade Large had the power of appointment and limitation as to the shares of the children in his estate. The present account relates to a trust fund created by Mrs. Large out of her own estate. Mrs. Large, by the *appointment* in her will, provided that the trust created by her husband's will might be terminated and the principal be distributed when the trustees named in both wills deemed it expedient and desirable to do so. But the trust created in her own will, for Mary Birney as first taker, was to continue after the death of Mary Birney, as above set forth, and the trustees were given no authority or discretion to terminate it.

(2) Appellant complains that she never consented to the appointment of the present accountant as trustee in place of her deceased brothers, George G. Meade Large and Robert H. Large, the trustees named in the will. The petition for the appointment of this accountant as trustee was signed by Mary Birney and joined in by all the parties interested as succeeding life tenants and remaindermen, except this appellant and Margaretta H. Fitler, and reputable counsel signed on their behalf as attorney for them respectively. Appellant declares that she never authorized counsel to sign this petition as her attorney, but, whether she did or not, she ratified his action when she signed the agreement hereinafter referred to approving the account in said trust estate filed by the executors of George G. Meade Large, (who survived his brother, Robert H. Large), as trustee, and requesting that the balance shown therein be paid to "The Pennsylvania Company for Insurances on Lives and Granting Annuities, *substituted trustee* under the will of Sarah Meade Large, deceased, without the filing of said account or the confirmation thereof by the Orphans' Court of Philadelphia County."

(3) Appellant objected to the account because it did not commence with the creation of the trust fund at the death of Sarah Meade Large. The accountant can only be called upon to account for its own management of the trust estate. Appellee points out that an account was stated by the executors of the last surviving trustee, which was approved by all parties in interest by formal agreement, signed by all of them including this appellant, and request made "that the balance of principal and income shown thereby should be paid to The Pennsylvania Company for Insurances on Lives and Granting Annuities, substituted Trustee under the will of Sarah Meade Large, deceased, without the filing of said account or the confirmation thereof by the Orphans' Court of Philadelphia County." This account, with the agreement attached thereto, was referred to by the auditing judge in his adjudication, (p. 89a), and was annexed thereto. It effectually disposes of this exception.

We limit our discussion of the case to the matters in the Estate of Sarah Meade Large properly before the court below by way of exception to the account to be adjudicated.

The decree of the court below is affirmed at the costs of the appellant.